[48 NYS3d 256]

In the Matter of RICHARD CRAIG BECKER, an Attorney, Respondent.

Second Department, March 1, 2017

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for Grievance Committee for the Ninth Judicial District.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent, Richard Craig Becker, has submitted an affidavit sworn to on August 19, 2016, in support of his application to resign as an attorney and counselor-at-law (*see* former 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress. He acknowledges that the Grievance Committee for the Ninth Judicial District has adduced evidence of his professional misconduct, including that he has converted at least $125,000 in settlement funds belonging to Eleanor London from his attorney trust account. The respondent acknowledges that he could not successfully defend himself on the merits against such charges. The respondent states that he has discussed his decision to resign with his attorney, as well as other persons whose advice and counsel he respects, and that he is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

The respondent's application is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court grant the respondent's application to resign, and in the event that the Court grants the respondent's application to resign, the

Grievance Committee requests that the pending motion be withdrawn.

Inasmuch as the respondent's application to resign complies with the requirements of former 22 NYCRR 691.9, the application is granted, and, effective immediately, the respondent is disbarred, his name is stricken from the roll of attorneys and counselors-at-law, and the Grievance Committee's request to withdraw the pending motion is granted.

ENG, P.J., RIVERA, DILLON, BALKIN and LASALLE, JJ., concur.

Ordered that the application of Richard Craig Becker to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Craig Becker is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Richard Craig Becker shall comply with the rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Craig Becker shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Richard Craig Becker has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that the Grievance Committee's request to withdraw a pending motion dated July 7, 2016 is granted.